EX PARTE JESSIE TURNER.

No. 23497. Delivered October 16, 1946.

The opinion states the case.

*Pevehouse & McCall*, of Corsicana, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This proceeding was instituted for the purpose of securing the release of appellant from the custody of the Sheriff of Navarro County. A justice of the peace, upon hearing a complaint instituted for the purpose, ordered the appellant to jail for a period of one year unless he should execute a good and sufficient peace bond in the penal sum of One Thousand Dollars.

The only question in the case is the sufficiency of the evidence to authorize the order made by the justice of the peace. The State's Attorney has filed a suggestion that the evidence is insufficient. We consider the suggestion well taken.

The appellant is a negro and was engaged in a quarrel with another negro by the name of Lacy Roberts. In this fuss appellant is quoted as saying to Roberts that he was not afraid of him or anybody else and, specifically, that "There is a white man out there by you I am going to throw something heavy on." Lacy assumed that this white man was J. J. Slater. He assumed further that appellant meant by the quoted statement that he

was going to kill Slater by throwing something heavy in his car some night. He made a report to Mr. Slater to this effect, whereupon Slater became the complaining witness in the case before the justice of the peace.

The evidence as introduced on the trial of the case does not so much as sustain Lacy Roberts in the message that he carried to Mr. Slater. Even so, it appears to be a rash statement made by one negro to another, in a quarrel, concerning another party, and amounts to nothing more serious than his bragging about his fearlessness. His reputation for carrying such threats into execution is not in the record and there is no circumstance to, in any way, explain or add to the above-quoted statement.

Under Ex parte Schmidt, 167 S. W. (2d) 1026, and authorities there discussed, it is perfectly clear that the evidence is insufficient to sustain the order complained of.

The judgment of the trial court is reversed and respondent is directed to release the relator from custody.